UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>    v.<br><br>CHARTER COMMUNICATIONS, LLC,<br><br>        Defendant. | Civil Action No. 18-cv-1333<br><br>**COMPLAINT**<br>(Jury Trial Demand) |

NATURE OF THE ACTION

      This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on disability and to provide appropriate relief to James Kimmons, a former Charter Communications, LLC, employee with night blindness, which substantially limited his ability to perform major life activities including seeing. Specifically, Charter discriminated against him by denying him reasonable accommodation.

JURISDICTION AND VENUE

    1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f) (1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

    2.   The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Wisconsin.

1

## PARTIES

3. The plaintiff, Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with administering, interpreting, and enforcing Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, the defendant, Charter Communications, LLC ("Charter"), has continuously been and is now a corporation doing business in the State of Wisconsin and has continuously had and does now have at least 15 employees.

5. At all relevant times, Charter has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Charter has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than 30 days before institution of this lawsuit, James Kimmons filed a charge with the EEOC alleging Charter had violated Title I of the ADA.

8. On May 21, 2018, the EEOC issued to Charter a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Charter to join with the EEOC in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The EEOC engaged in communications with Charter to provide it the opportunity to remedy discriminatory practices described in the Letter of Determination.

10. On June 20, 2018, the EEOC issued to Charter a Notice of Conciliation Failure advising Charter that the EEOC was unable to secure from Charter a conciliation agreement acceptable to the EEOC.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Mr. Kimmons is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). At all relevant times, he had an impairment, cataracts-related night blindness, that substantially limits major life activities, including, but not limited to, seeing.

13. Beginning in or about September 7, 2016, Charter engaged in unlawful employment practices at its Call Center in Milwaukee, Wisconsin, in violation of Title I of the ADA, 42 U.S.C. §12112(a) and (b)(5)(A) and (B), by denying Mr. Kimmons a reasonable accommodation:

(a) On July 5, 2016, Mr. Kimmons, who worked for Charter as a Retention Agent at its Milwaukee Call Center, who was qualified to perform the essential functions of this position with or without accommodation, and who suffered from night blindness, requested an accommodation, a schedule change to an earlier shift so he did not have to drive at night.

(b) On August 9, 2016, Charter granted Mr. Kimmons's request on a temporary basis, until September 6, 2016.

3

(c) On August 26, 2016, Mr. Kimmons, who continued to suffer from his disability after September 6, requested an extension of his accommodation beyond that date.

(d) Charter denied Mr. Kimmons's request that the accommodation be extended.

14. The effect of the practices complained of in paragraph 13 has been to deprive Mr. Kimmons of equal employment opportunities because of his disability, in violation of Title I of the ADA, 42 U.S.C. § 12112.

15. The unlawful employment practices complained of in paragraph 13 were intentional.

16. The unlawful employment practices complained of in paragraph 13 were done with malice or with reckless indifference to Mr. Kimmons's federally protected rights.

PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Charter and its subsidiaries, officers, agents, servants, employees, successors, and assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates based on disability;

B. Order Charter to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities and which eradicate the effects of its past and present unlawful employment practices;

C. Order Charter to make Mr. Kimmons whole by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices

described in paragraph 13 above, including (but not limited to) emotional pain, suffering, and inconvenience, loss of enjoyment of life, and humiliation, in an amount to be determined at trial;

F.  Order Charter to pay Mr. Kimmons punitive damages for its malicious and reckless conduct described in paragraph 13 above, in an amount to be determined at trial;

G.  Grant such further relief as the Court deems necessary and proper in the public interest; and

H.  Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its complaint.

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
131 M Street, N. E.
Washington, D.C.  20507


Gregory Gochanour
Regional Attorney

Jean P. Kamp
Associate Regional Attorney

s/César J. del Peral
César J. del Peral
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
MILWAUKEE AREA OFFICE
310 WEST WISCONSIN AVENUE
SUITE 500
MILWAUKEE, WISCONSIN 53202
*Telephone*:   (414) 297-1114

5

*Fax:*      (414) 297-3146
*E-mail*:   gregory.gochanour@eeoc.gov
*E-mail*:   jean.kamp@eeoc.gov
*E-mail*:   cesar.delperal@eeoc.gov